

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00012-CR

## EX PARTE JOE CURTIS TENNELL

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 08-002866-CV-85**

## MEMORANDUM  OPINION

Joe Curtis Tennell contends that the trial court erred by refusing to set bail for two pending felony charges and six pending misdemeanor charges. The State agrees that the court erred. We will reverse and remand.

### Background

Tennell was arrested in May 2007 for aggravated assault, assault, and failure to identify. He was released in July after posting bond on each charge. He was arrested in August for driving with an invalid license and was released on bond a few days later. In November, his bondsman filed affidavits requesting revocation of Tennell's bonds because Tennell had failed to comply with several bond conditions. A magistrate

granted the request and revoked Tennell's bonds. When he failed to appear for a status hearing in December, a capias was issued for his arrest.

Tennell was arrested for felony theft in January 2008 and also arrested for the capiases issued the previous month. He was released on bond on all charges in March. The next month he was arrested for evading arrest in a vehicle, possession of marihuana, driving with an invalid license, and resisting arrest. He was released on bond one week later.

Tennell failed to appear at hearings on the pending charges in August 2008. He was arrested one month later and has been held without bond since then on all but the evading arrest charge.[1]

Tennell filed a habeas application in November 2008 asking the trial court to set bail in all pending charges for which bail had not been set. The court heard the matter in December and signed an order denying the application.

### TEX. CONST. art. I, § 11a

Article I, section 11a of the Texas Constitution provides the following four scenarios under which an accused charged with a non-capital felony may be denied pretrial bail:

- the accused has been previously convicted of two felonies, the second conviction being subsequent to the first;

- the accused has committed a felony while on bail for a prior felony for which he has been indicted;

---

[1] Bail is currently set at $10,000 on the evading arrest charge by a judgment nisi issued on August 13, 2008.

- the accused is charged with a felony involving the use of a deadly weapon after being convicted of a prior felony;

- the accused is charged with a violent or sexual offense committed while incarcerated for a prior felony.

TEX. CONST. art. I, § 11a(a).

The State contends that the second alternative applies in Tennell's case because he was charged with felony theft after being released on bond for aggravated assault and he was later charged with evading arrest with a vehicle after being released on bond for the prior felony charges.

However, for this provision to apply, "A district judge must hold a hearing wherein the state must show substantial evidence of the defendant's guilt for the [latest felony charge] and the district judge must enter an order denying bond, all within seven days of the defendant's arrest [for the latest felony charge]." *Pharris v. State*, 165 S.W.3d 681, 690 (Tex. Crim. App. 2005) (quoting *Neuenschwander v. State*, 784 S.W.2d 418, 420 (Tex. Crim. App. 1990)); *see* TEX. CONST. art. I, § 11a(a).[2] The burden is on the State to affirmatively show compliance with the requirements of article I, section 11a. *Pharris*, 165 S.W.3d at 690.

Here, the State presented no evidence of Tennell's guilt for any of the pending charges. Nor did the trial court sign the order denying Tennell's habeas application within seven days after his arrest. *Id.* at 690-91.

---

[2] Article I, section 11a(a) provides similar evidentiary requirements for each of the four scenarios under which an accused may be held without bail. *See* TEX. CONST. art. I, § 11a(a).

Therefore, we reverse the order denying Tennell's habeas application and remand this cause to the trial court for further proceedings consistent with this opinion. *Id.* at 691.


                        FELIPE REYNA
                        Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Reversed and remanded
Opinion delivered and filed July 15, 2009
Do not publish
[CR25]